UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA
ORLANSO DIVISION
Case No.

VANESSA VAZQUEZ, and other similarly situated individuals,

Plaintiff(s),

v.

JEWELRY ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers and ALBERTO LOPEZ an individual

Defendant.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, VANESSA VAZQUEZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, JEWELRY ARTISANS OF ORLANDO INC., d/b/a Kissimmee Jewelers, and ALBERTO LOPEZ (collectively the "Defendants") and alleges:

**JURISDICTION**

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and

state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

**VENUE**

3. Plaintiff is a resident of Orange County, Florida. She is a covered employee for purposes of the Act.

4. JEWELRY ARTISANS OF ORLANDO INC., d/b/a Kissimmee Jewelers (the "Corporate Defendant") and ALBERTO LOPEZ (the "Individual Defendant"), are Florida companies and a Florida resident, respectively, having their main place of business in Orange County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Orange County, Florida.

5. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

6. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant are a jewelry store selling artisan and custom-made jewelry throughout the U.S., and through its business activities, affect interstate commerce.

**COUNT I: WAGE AND HOUR VIOLATION BY**
**THE CORPORATE DEFENDANT (OVERTIME)**

7. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

10. While employed by the Corporate Defendant, Plaintiff worked approximately an average of approximately **63.5** hours per week without being compensated for her overtime wages at the rate of not less than one- and one-half times the regular rate at which she was employed. Plaintiff was employed as a jeweler sales person/sales associate performing the same or similar duties as that of those other similarly situated jeweler sales person/sales associates whom Plaintiff observed working in excess of 40 hours per week without overtime wage compensation.

11. Plaintiff worked for the Corporate Defendant from approximately May 2022 through on or about March, 2023.

12. In total, Plaintiff worked approximately **40** compensable weeks under the Act, or 40 compensable weeks if we count 3 years back from the filing of the instant action.

13. The Corporate Defendant paid Plaintiff on average approximately $550.00 per week from May 2022 through March 2023 .

14. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

15. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

16. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*OVERTIME WAGES*

a. **Total Damages: $9,964.00**

    a. <u>May 2022 – September 2022</u>

10 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly overtime hours) x 16 (compensable weeks) x 2 (liquidated damages) = $3,760.00.

b. September 2022 – March 2023

11 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly overtime hours) x 24 (compensable weeks) x 2 (liquidated damages) = $6,204.00.

***TOTAL OVERTIME WAGES OWED = $19,928.00***

17. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid all of their at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

18. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since to Plaintiff's and those similarly situated employees' as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

19. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for Plaintiff's employment with the Corporate Defendant as set forth above.

20. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANT (OVERTIME)**

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

22. This action is brought by Plaintiff and those similarly situated to recover from the Individual Defendant by virtue of 29 U.S.C. § 203(d), unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the

provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. At the times mentioned, the Individual Defendant was, and is now, the owner and/or main officer and director of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

24. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) their employees in accordance with the Act.

25. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for Plaintiff's employment with the Corporate Defendant as set forth above.

26. While employed by the Defendants, Plaintiff worked approximately an average of **63.5** hours per week without being compensated for her overtime wages at the rate of not less than

one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a jeweler salesperson/sales associate performing the same or similar duties as that of those other similarly situated jeweler sales person/sales associates whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

27. Plaintiff worked for the Defendants from approximately May 2022 through on or about March 2023.

28. In total, Plaintiff worked approximately **40** compensable weeks under the Act, or 108.5 compensable weeks if we count 3 years back from the filing of the instant action.

29. The Defendants paid Plaintiff on average approximately $550.00 per week from May 2022 to March 2023 However, the Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

30. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*OVERTIME WAGES*

a. **Total Damages: $9,964.00**

a. May 2022 – September 2022

10 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly overtime hours) x 16 (compensable weeks) x 2 (liquidated damages) = $3,760.00.

b. September 2022 – March 2023

11 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly overtime hours) x 24 (compensable weeks) x 2 (liquidated damages) = $6,204.00.

***TOTAL OVERTIME WAGES OWED = $19,928.00***

32. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid all of their at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

33. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since to Plaintiff's and those similarly situated employees' as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

34. The Individual Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for Plaintiff's employment with the Defendants as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT III: UNPAID MINIMUM WAGES (CORPORATE DEFENDANT) – FLSA**

36. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

37. The Act is interpreted in accordance with the FLSA and federal regulations and case law implementing the FLSA.

38. This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

39. Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal

minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

40. The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

41. In Florida, the minimum wage in 2017 was $8.10 per hour; in 2018 the minimum wage was $8.25 per hour; in 2019 the minimum wage was $8.46 per hour; in 2020 the minimum wage was $8.56 per hour; and between January 1, 2021, and September 29, 2021, the minimum wage was $8.65 per hour. As of September 30, 2021, the Florida minimum wage was $10.00 per hour, and on September 30, 2022, it increased to $11.00 per hour, with annual $1.00 increases until the rate of $15.00 is reached on September 30, 2026.

42. While employed by the Corporate Defendant, the Plaintiff worked approximately 63.5 an average of hours per week without being compensated at the mandatory minimum wage in Florida.

43. The Plaintiff worked for the Corporate Defendant from approximately May 2022 through on or about March, 2023 . In total, the Plaintiff worked approximately compensable weeks under the Act, or 40mcompensable weeks if counted 5 years back from the filing of the instant action. Fla. Stat. § 95.11(2)(d).

44. The Corporate Defendant paid the Plaintiff on average approximately $550.00/week form May 2022 through March 2023.

45. However, the Corporate Defendant did not pay the Plaintiff her full minimum wage for all hours the Plaintiff worked for the Corporate Defendant.

46. The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 5 (five) years back from the date of the filing of this Complaint.

47. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid minimum wages is as follows:

<u>Minimum wages:</u>

<u>May 2022 – September 2022</u>
$10- $8.66 = $1.34 (hourly wages owed) X 63.5 (average weekly hours worked) X 16 (compensable weeks) x 2 (liquidated damages) = $2,722.88.

<u>September 2022 – March 2023</u>

$11- $8.66 = $2.34 (hourly wages owed) X 63.5 (average weekly hours worked) X 24 (compensable weeks) x 2 (liquidated damages) = $7,132.32

**Total minimum wages owed: $9,855.20**

48. At all times material hereto, the Corporate Defendant failed to comply with the Act in that the Plaintiff performed services and worked for the Corporate Defendant but no provision was made by the Corporate Defendant to properly pay the Plaintiff at the prevailing minimum wage.

49. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing the Plaintiff these

minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above, and the Plaintiff is entitled to recover double damages.

50. The Corporate Defendant willfully and intentionally refused to pay the Plaintiff all of her full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

51. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT IV: UNPAID MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FLSA**

52. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

53. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

54. The Individual Defendant willfully and intentionally caused the Plaintiff not to receive all of her minimum wages as required by the laws of the State of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendant as set forth above.

<u>Minimum wages:</u>

<u>May 2022 – September 2022</u>

$10- $8.66 = $1.34 (hourly wages owed) X 63.5 (average weekly hours worked) X 16 (compensable weeks) x 2 (liquidated damages) = $2,722.88.

<u>September 2022 – March 2023</u>

$11- $8.66 = $2.34 (hourly wages owed) X 63.5 (average weekly hours worked) X 24 (compensable weeks) x 2 (liquidated damages) = $7,132.32

**Total minimum wages owed: $9,855.20**

The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

b. Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

c. Award the Plaintiff an equal amount in double damages/liquidated damages; and

d. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

**COUNT V: UNPAID WAGES (BREACH OF CONTRACT) – 448.08**

55. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

56. At all times material hereto, the Plaintiff was an employee of the Corporate Defendant.

57. The Plaintiff was employed by the Corporate Defendants as a jeweler sales person/sales associate.

58. The Plaintiff worked as a jeweler sales person/sales associate for the Corporate Defendant from approximately May 2022 through on or about March, 2023.

59. The Plaintiff and the Corporate Defendant entered into a verbal agreement in which Corporate Defendant agreed to pay Plaintiff 1.1% to 1.2% of the sales price per item sol (depending on the item) as commission on sales.

60. The Plaintiff fulfilled her end of the verbal agreement.

61. The Corporate Defendants breached the agreement and did not pay the Plaintiff for at least $300.00 in commissions.

62. As a result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Award the Plaintiff unpaid wages found to be due and owing.

b. Award the Plaintiff prejudgment interest;

c. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d. Order such other relief as this Court deems just and equitable.

Dated: May 8, 2023.

Respectfully submitted,

**By: /s/ Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*