UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:23-cv-00855-AGM-LHP

VANESSA VAZQUEZ, and other )
similarly situated individuals, )
                            )
           Plaintiff(s), )
                            )
v. )
                            )
JEWELRY ARTISANS OF )
ORLANDO, INC. d/b/a Kissimmee )
Jewelers )
and ALBERTO LOPEZ an individual )
                            )
           Defendant. )
_____)

## MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiff, VANESSA VAZQUEZ (the "Plaintiff" or "Vazquez"), pursuant to the Federal Rules of Civil Procedure 55(b), respectfully request the entry of a Default Final Judgment against Defendants JEWELRY ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers and ALBERTO LOPEZ (the "Defendants") and in support states as follows:

1.      On May 9, 2023, the Plaintiff brought this action to recover money damages for unpaid overtime and minimum wages against her employers under the

laws of the United States, *i.e.* the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. and other Federal Regulations.

2.      A Clerk default was entered against both Defendants; against Defendant JEWELRY ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers on November 18, 2024 (D.E. # 53), and against Defendant Alberto Lopez on September 12, 2025 (D.E. # 67).

<u>Legal Memoranda</u>

The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997).

If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper. Fed. R. Civ.P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph*

Page 3

*Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

Here, a default has been entered against Defendants JEWELRY ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers and ALBERTO LOPEZ (D.E. # 53 and 67). Therefore, they have admitted the allegations in Plaintiff's Complaint.

Plaintiff's allegations in the complaint, which have not been denied by Defendants, should be deemed to be admitted by the Defendants and should be considered proven. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Thus, pursuant to the allegations in the Complaint, the above-cited law, and the attached declaration of Plaintiff (**Exhibit "A"**), the Plaintiff, Vazquez is entitled to unpaid minimum and overtime wages plus liquidated damages in the amount of **$19,819.20;** plus Plaintiff' attorney's fees and costs (**$22,201.25** for attorney's fees and **$1,215.30** for costs).

> [The] Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).
>
> "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with                                    the

> corporation, jointly and severally liable under the FLSA
> for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38
> (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d
> 1509, 1511 (1st Cir. 1983)).

<u>Collado v. J. & G. Transp., Inc.</u>, No. 14-80467-CIV-GOODMAN, 2015 U.S. Dist.

LEXIS 50899, at *9 (S.D. Fla. Apr. 17, 2015).

Here, Plaintiff filed suit against both the corporate defendant JEWELRY

ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers and ALBERTO

LOPEZ, owner and/or main officer and director of the Corporate Defendant, and

relevant a person in control of the Corporate Defendant's financial affairs.

Plaintiff's Complaint alleges that the Corporate Defendant is an enterprise engaged

in commerce or in the production of goods for commerce as defined in §§ 3 (r) and

3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), that regularly engages in interstate

commerce, particularly with respect to its employees and that the annual gross

revenue of the Corporate Defendant was at all times material to the Complaint in

excess of $500,000 per annum.

Plaintiff Complaint also alleges that the Individual Defendant had

operational control of the Corporate Defendant, was involved in the day-to-day

functions of the Corporate Defendant, provided Plaintiff with her work schedule,

and is jointly liable for Plaintiff' damages.

Therefore, with Defendants being defaulted, Plaintiff's allegations in the complaint against them are deemed admitted and proven and therefore, it is proven that Defendants are an Employer under the FLSA, that they could cause Plaintiff to be compensated (or not compensated) and that since they owe Plaintiff unpaid and overtime wages, the Defendants are jointly and severally liable to Plaintiff for her unpaid and overtime wages claimed in her Complaint.

Section 7 of the FLSA, 29 U.S.C.A. § 207, generally requires that hourly paid employees receive compensation equal to one and one-half their regular rate when they work more than 40 hours in a workweek. The Department of Labor provides extensive detail on how such overtime is to be paid. *See generally*, 29 C.F.R. §§ 778.200 et seq., 778.300 et seq.; *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995). "[T]he overtime rate may not be less than one and one-half times the bona fide rate established in good faith for like work performed during non-overtime hours." 29 C.F.R. § 778.308(b). Section 216(b) provides that employers who violate § 7 of the FLSA shall be liable to their employees for the amount of their unpaid overtime compensation and an additional equal amount in liquidated damages and attorney's fees and costs. *See* 29 U.S.C.A. § 216(b).

A breakdown of Plaintiff's damages is below:

<u>OVERTIME</u>

a.  <u>May 2022 – September 2022</u>

10 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly

overtime hours) x 16 (compensable weeks) x 2 (liquidated damages) =

$3,760.00.

b.  <u>September 2022 – March 2023</u>

11 (hourly rate) x .5 (unpaid half time) x 23.5 (average weekly

overtime hours) x 24 (compensable weeks) x 2 (liquidated damages) =

$6,204.00.

**Total Overtime Damages: $9,964.00**, plus reasonable attorneys' fees

and costs of suit.

<u>MINIMUM WAGE</u>

a.  <u>May 2022 – September 2022</u>

$10- $8.66 = $1.34 (hourly wages owed)  X 63.5 (average weekly hours

worked) X 16 (compensable weeks) x 2 (liquidated damages) =

$2,722.88.

b.  <u>September 2022 – March 2023</u>

c.  $11- $8.66 = $2.34 (hourly wages owed)  X 63.5 (average weekly

hours worked) X 24 (compensable weeks) x 2 (liquidated damages) =

$7,132.32

    d. **Total minimum wages owed: $9,855.20**, plus reasonable attorneys'

fees and costs of suit.

    <u>Total wages owed to Plaintiff **$19,819.20** plus reasonable attorneys' fees and</u>

<u>costs of suit.</u> See Vanessa Vazquez's Affidavit attached hereto as **Exhibit "A".**

- <u>Attorneys' Fees</u>

Plaintiff's claim for attorney's fees as detailed in the billing records attached

hereto as **Exhibit "B"** is for a total of **$22,201.25.** (The billing records specifically

indicate the activity performed by attorneys and the firm support team, in

prosecuting the above-styled action. Plaintiff's attorneys billed at an hourly rate of

$400.00 an hour from February 2023 until July of 2023 and then $450.00 an hour

up to the date of this Motion, and $75.00 an hour for the support team (legal

assistants) up to July 2023 and then was increased to $125.00 an hour from August

2023 until the date of this Motion. The firm routinely bill all its employment cases

for plaintiffs at the rates of $400.00 to $450.00 (as described above) per hour for

the professional services that are rendered which is consistent with hourly rates

previously approved as reasonable in employment cases in Florida district courts.

See *Lozano v. Datereybru Co., LLC*, No. 6:19-cv-1783-CEM-LHP, 2022 U.S. Dist.

LEXIS 126970, at *1 (M.D. Fla. July 18, 2022) (adopting Report and

Recommendation of attorney's fees at $400/hr as reasonable and citing several

other decisions in the Middle District awarding the same hourly rate). "Rismay v.

Page 8

Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC, No. 6:20-cv-1357-GAP-EJK, 2022 U.S. Dist. LEXIS 29633, 2022 WL 687125, at *2 (M.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 40996, 2022 WL 685662 (M.D. Fla. Mar. 8, 2022) (awarding $400.00 per hour in FLSA default judgment context for attorney with twenty years of experience based on the court's own expertise even absent independent evidence as to reasonableness); *Lopez v.* [*22] City Buffet Inc, No. 6:19-cv-1151-WWB-EJK, 2022 U.S. Dist. LEXIS 3539, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 13459, 2022 WL 218490 (M.D. Fla. Jan. 25, 2022) (awarding $400.00 per hour for fees in FLSA-default judgment context)." Id at *21-22. See also **Exhibit B-1** Chart of Experience for attorneys and legal staff.

**Plaintiff's Costs.**

Plaintiff's costs amount to **$1,215.30** and includes costs related to filing of the Complaint, service of process and deposition transcripts. See **Exhibit "C"** for receipts and **Exhibit "B"** for the details.

As to Plaintiff's request for attorney's fees and costs, "[a] party that prevails on an FLSA claim is entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

Page 9

defendant, and costs of the action.").") <u>Perez v. Margaritas V&P, Inc.,</u> No. 6:22-cv-1133-RBD-EJK, 2023 U.S. Dist. LEXIS 42603, at *8-9 (M.D. Fla. Mar. 14, 2023).

If Plaintiff's Default Judgement is entered, Plaintiff would be the prevailing party entitled to attorney's fees and costs. <u>Perez v. Margaritas V&P, Inc.,</u> at *9.

Therefore, Plaintiff should be awarded her attorney's fees and costs in this action.

**WHEREFORE**, Plaintiff, Vanessa Vazquez, request that this Court enter a Default Judgment against the Defendants, JEWELRY ARTISANS OF ORLANDO, INC. d/b/a Kissimmee Jewelers and ALBERTO LOPEZ, jointly and severally, and in favor of the Plaintiff, Marbin Jarquin in the amount of **$19,891.20**; and in favor of the Plaintiff, Vanessa Vazquez plus attorney's fees and costs totaling **$22,201.25** for attorney's fees and **$1,215.30** for costs, in care of the Trust Account of THE SAENZ LAW FIRM P.A. and for such other relief this Court deems just and proper.

Plaintiff requests the Court retain jurisdiction in association with collection of a judgment entered by this Court.

Page 10

Respectfully submitted,

**By:    /s/ Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@legalopinionusa.com
THE SAENZ LAW FIRM, PA
20900 NE 30th Avenue, Ste. 200-23
Aventura, Florida 33180
Telephone: (305) 482-1475
Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Julisse Jimenez, Esq.**

Page 11

## <u>SERVICE LIST</u>

VANESSA VAZQUEZ**v.** JEWELRY ARTISANS OF ORLANDO, INC. d/b/a
Kissimmee Jewelers   and ALBERTO LOPEZ
Case No.: 6:23-cv-00855-AGM-LHP
**United States District Court, Middle District of Florida**

Julisse Jimenez, Esq.
E-Mail: julisse@legalopinionusa.com
THE SAENZ LAW FIRM
20900 N.E. 30th Avenue, Suite 200-23
Aventura, Florida  33180
Telephone: (305) 482-1475
*Counsel for Plaintiff(s)*

**<u>SENT VIA REGULAR MAIL</u>**

**Mr. Alberto Lopez**
**Jewelry Artisans of Orlando, Inc.**
c/o  Aurora Lopez
Jewelry Artisans of Orlando, Inc.
2705 Giralda Court
Kissimmee, FL 34743

106 BROADWAY
KISSIMMEE
FLORIDA, FL 34741

Defendants