**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VANESSA VAZQUEZ,

        Plaintiff,

v.                                                                                          Case No:   6:23-cv-855-AGM-LHP

JEWELRY ARTISANS OF ORLANDO,
INC. and ALBERTO LOPEZ,

        Defendants

---

**ORDER**

Before the Court is Plaintiff's Motion for Final Default Judgment. Doc. No. 72. On review, the motion (Doc. No. 72) will be **DENIED without prejudice**.

By the motion, Plaintiff seeks default judgment against both Defendants Jewelry Artisans of Orlando, Inc. and Alberto Lopez. Doc. No. 72. Although both Defendants are subject to Clerk's default, Doc. Nos. 53, 67, after entry of same, Plaintiff notified the Court by Suggestion of Death that Alberto Lopez passed away. *See* Doc. No. 68. But the present motion does not address the Suggestion of Death, nor does it provide any legal authority demonstrating that Plaintiff may pursue default judgment against a deceased party. *See* Doc. No. 72. Moreover, assuming default judgment cannot be entered against Alberto Lopez prior to substitution of

an estate as Plaintiff suggests in other filings, *see* Doc. No. 74, it is unclear whether the Court would properly entertain a motion for default judgment against Jewelry Artisans of Orlando, Inc., given the risk of inconsistent judgments. *See generally Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) ("[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

Accordingly, the Court will require Plaintiff to address these issues by a renewed motion. It is **ORDERED** that Plaintiff's Motion for Final Default Judgment (Doc. No. 72) is **DENIED without prejudice**. Within **thirty (30) days** of the date of this Order, Plaintiff shall file a renewed motion for default judgment, which must address the issues outlined in this Order and establish, by citation to evidence and legal authority, that default judgment against both Defendants is proper at this time. Alternatively, Plaintiff may, by the same deadline, move for any alternative relief she deems proper given the procedural posture of this case. This Order does not speak to the Order to Show Cause issued by the presiding District Judge. *See* Doc. No. 69.[1]

---

[1] The Order to Show Cause was issued by then-presiding District Judge Wendy W. Berger, although the case has now been reassigned to presiding District Judge Anne-Leigh Gaylord Moe. Doc. No. 70.

**DONE** and **ORDERED** in Orlando, Florida on November 5, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties